BANTON, et al, Respondents, v. DAKOTA LODGE NO. 1,
I. O. O. F., Inc., Appellant

(292 N. W. 874.)

(File No. 8277.   Opinion filed June 21, 1940.)

Rehearing Denied July 26, 1940.

**Eldon W. Clark** and **Lars A. Bruce,** both of Yankton, for
Appellant.

**H. A. Doyle** and **Frank Biegelmeier,** both of Yankton,
for Respondent.

PER CURIAM.   In 1934 the defendant, Dakota Lodge
No. 1, I. O. O. F., Inc., filed with the clerk of courts of Yank-
ton County a verified statement in writing whereby it con-
fessed judgment against itself for certain debts it was then
owing to quite a large number of persons.   This confession
of judgment contained the provision that no one of the cred-
itors should have preference, advantage or priority over any
other creditor.   A single judgment was entered upon this

verified statement of the defendant wherein provision was made in separate paragraphs for each of the creditors. The relevant paragraph of the judgment is, as follows: "Ordered, adjudged and decreed that Mrs. Emily Olson have and recover of the defendant Dakota Lodge No. 1, I. O. O. F., the sum of Three Hundred Fifty-Eight and 74/100 Dollars, ($358.74), lawful money of the United States, with interest from the date hereof;."

This judgment contained the further provision:

"Further ordered, adjudged and decreed that no advantage, preference, or priority shall be given to any creditor or group of creditors over any other .creditor or group of creditors, and

"Further ordered that any and all sums recovered shall be paid to the creditors pro rata according to the amount of their respective claims."

Thereafter Eunice Olsen appeared and by her application had the judgment changed to correctly state her name as Eunice Olsen in place of Emily Olson. In 1935 Eunice Olsen executed an assignment of the judgment to Maude Biegelmeier. On the 5th day of November, 1938, Maude Biegelmeier had execution issue on the judgment and placed in the hands of the sheriff. Thereafter the defendant made application to the circuit court of Yankton County seeking to have the execution quashed. Hearing was had upon this application and by its order the circuit court denied the application and ordered the sheriff to "pay over the proceeds of the levy after deducting his fees and costs to the assignee of the judgment creditor, Eunice Olsen." The defendant lodge has appealed.

It is clear, we believe, that Eunice Olsen and her assignee have by their acts consented to the judgment as confessed and entered. Not only did Eunice Olsen appear before the court and by her application have the judgment changed to correctly state her name, but in this very proceeding her assignee is attempting to enforce the judgment. Cf. 34 C. J. 102. Implicit in the judgment as entered was the right of the defendant to have the judgment creditors share pro rata in any amount recovered under the judg-

ment, and when the respondent consented or accepted this judgment she must be held to have accepted this provision relating to the disposition of any funds collected under the judgment to the same extent as she accepted any other provision. We think it clear, therefore, that respondent in this proceeding is bound by the terms of this judgment, and that it was error for the trial court to direct that the amounts recovered by virtue of the process issued be distributed in any other manner than the judgment itself provides. No other error appears.

The order appealed from is reversed insofar as it purports to order distribution of the funds collected by virtue of the execution.

All the Judges concur.